UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOANN PLEASANT,

    Plaintiff,

v.

                          Case No.:

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Joann Pleasant, by and through undersigned counsel hereby files her Complaint against Defendant, Prudential Insurance Company of America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Joann Pleasant ("Ms. Pleasant"), is a citizen of the United States of America and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, The Prudential Insurance Company of America (hereinafter "Prudential" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.     FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Prudential operated under an inherent structural conflict of interest because of its dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Pleasant was employed with Global Container Terminals USA, as a Customer Service Associate. By virtue of her employment, Ms. Pleasant was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Pleasant a monthly benefit in the event that she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*You are disabled with Prudential determines that:*

- *you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and*

- *you are under the **regular care** of a **doctor**; and*

- *you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.*

*After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*

- *you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience; and*

*you are under the regular care of a doctor.*

8. Ms. Pleasant suffers from multiple medical conditions and symptoms, including, but not limited to: bilateral degenerative joint disease, short gut syndrome with chronic diarrhea,

2

recurrent syncope of unknown etiology, chronic pain, Von Willebrand's disease, hypertension, and depression and anxiety.

9. Ms. Pleasant has been unable to perform the material and substantial duties of her own or any occupation, has been under the regular care of a doctor, and has suffered a 20% or more loss in monthly earnings at all times material to this claim. She is disabled under the terms of the long-term disability policy.

10. Ms. Pleasant was forced to discontinue working in January of 2015 due to her disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Ms. Pleasant notified Defendant that she was disabled.

12. By letter dated January 25, 2016, Defendant denied Ms. Pleasant's long-term disability claim.

13. By letter dated July 21, 2016, Ms. Pleasant appealed Defendant's decision to deny her long-term disability benefits.

14. By letter dated September 14, 2016, Defendant approved Ms. Pleasant's claim for benefits as of April 25, 2015, but notified Ms. Pleasant that her benefits would be terminated April 26, 2017 based on the 24-month limitation for disabilities caused by a mental health condition.

15. By letter dated September 21, 2016, Ms. Pleasant expressed her disagreement with Defendant's determination that the 24-month mental health limitation would apply. She drew attention to the fact that Defendant's September 20, 2016 letter failed to mention any of her physical conditions. She also drew attention to the fact that Defendant was purporting to know in September 2016, what Ms. Pleasant's status would be in April of 2017.

16. Defendant issued an addendum letter on October 7, 2016, which addressed Ms. Pleasant's physical conditions and maintained its determination that she was entitled to benefits due to her mental conditions only. This letter gave Ms. Pleasant 180 days to appeal the decision.

17. By letter dated February 22, 2017, Ms. Pleasant appealed Defendant's decision to terminate her benefits as of April 2017 based on the mental health limitation.

18. By letter dated February 28, 2017, Defendant informed Ms. Pleasant that its October 7, 2016 letter mistakenly included appeal wording and that Ms. Pleasant would not be able to appeal until an adverse decision was rendered.

19. By letter dated April 20, 2017, Defendant terminated Ms. Pleasant's benefits effective April 26, 2017.

20. By letter dated June 12, 2017, Ms. Pleasant appealed Defendant's termination of benefits.

21. By letter dated July 26, 2017, Defendant upheld its termination and denied Ms. Pleasant's appeal.

22. In denying Ms. Pleasant's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

23. The denial of Ms. Pleasant's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

24. The denial of Ms. Pleasant's disability benefits breached the fiduciary duties owed to Ms. Pleasant under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Pleasant as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 24 as if fully stated herein and says further that:

25. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

26. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

27. Defendant has refused to pay the benefits sought by Ms. Pleasant, ignoring the medical records and clear opinions of her physicians.

### V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 27 as if fully stated herein and says further that:

28. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

### VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 28 as if fully stated herein and says further that:

29. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

30. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

31. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joann Pleasant, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this  2nd  day of August 2017,*

*/s/ Carter Meader Sox*
Carter Meader Sox (FBN. 116907)
carter@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

*Counsels for Plaintiff, Joann Pleasant*